IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 7 2012

CLERK, U.S. DISTRICT COURT
by_____
                    Deputy

| | |
|---|---|
| BRIAN DOBUCKI AND LE-WAH-SU, DOBUCKI, § § § | |
| Plaintiffs, § § | |
| VS. § | NO. 4:11-CV-824-A |
| § | |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE BANK, AND AMERICA'S SERVICING COMPANY, § § § § § | |
| Defendants. § § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on October 31, 2011, in the District Court of Tarrant County, Texas, 43rd Judicial District, as Case No. CV-11-1650, by the filing by plaintiffs, Brian Dobucki and Le-Wah-Su Dobucki, of their original petition ("petition"), against defendants, HSBC Bank USA, National Association, as Trustee for Deutsche Bank, and America's

Company (collectively, "defendants").  Defendants filed an

answer, and then removed the action to this court by notice of

removal filed November 28, 2011.

On February 10, 2012, pursuant to this court's order,

defendants filed an amended notice of removal.  In their amended

notice of removal, defendants allege that the court has subject

matter jurisdiction because of complete diversity of citizenship

between plaintiffs and defendants and an amount in controversy

exceeding the sum or value of $75,000.00, exclusive of interest

and costs.  See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs do not state a

specific amount of damages.  Nor is there any other statement of

the amount of damages contained elsewhere in the petition.

However, defendants contend that because plaintiffs seek

injunctive relief to bar any foreclosure proceedings on the

property, the minimum amount in controversy can be based on the

property value.  In support of their position, defendants cite to

legal authority standing for the proposition that the right,

title, and interest plaintiffs have in the property constitute

the proper measure of the amount in controversy in an action such

as this one.  Defendants argue there is sufficient information in

the pleadings to determine that "the value of the property

controls the amount in controversy," because plaintiffs seek

"injunctive and declaratory relief" and "a suit to quiet title," and because plaintiffs are "calling the validity of the deed and the right to property into question." Am. Notice of Removal at 4, ¶ 19. Defendants further argue that the amount in controversy has been met because plaintiffs are seeking attorney's fees. Id. at 7, ¶ 26-27.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

## II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict

construction of the removal statute." <u>Carpenter v. Wichita Falls</u>
<u>Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995) (citation
omitted).  Any doubts about whether removal jurisdiction is
proper must therefore be resolved against the exercise of federal
jurisdiction.  <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th
Cir. 2000).

    To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiffs' state court petition.  <u>Manguno</u>, 276 F.3d at
723.  If it is not facially apparent from the petition that the
amount in controversy is greater than $75,000.00, the removing
party must set forth summary judgment-type evidence, either in
the notice of removal or in an affidavit, showing by a
preponderance of the evidence that the amount in controversy
exceeds that amount.  <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d
1326, 1335 (5th Cir. 1995).

    The amount in controversy is measured from the perspective
of the plaintiffs.  <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617,
618 (5th Cir. 1958) (per curiam).  In an action for declaratory
or injunctive relief, the amount in controversy is the "value of
the object of the litigation," or "the value of the right to be
protected or the extent of the injury to be prevented."
<u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

III.

## The True Nature of Plaintiffs' Claims

Plaintiffs' petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented.  As a result, the court has evaluated the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendants from taking possession of the property pursuant to their foreclosure proceedings.  As the petition alleges, plaintiffs pursue that goal by seeking (a) an order quieting title to the property in plaintiffs; (b) an order barring any foreclosure or forcible detainer proceedings; and (c) a money judgment to compensate them for damages they have suffered, because defendants lacked the proper authority to foreclose on the property or to threaten them with a foreclosure sale.  The court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.00.

Defendants contend that the value of the property could serve as the amount in controversy because plaintiffs assert equitable relief in the form of a claim for injunctive relief. Defendants rely on the oft-cited argument that in actions seeking

5

declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Am. Notice of Removal at 4, ¶ 19. In the section of their amended notice of removal quoted in section I of this memorandum opinion, defendants suggest that the value of the object of the litigation is the value of the property. Id. Defendants state that $124,120.00, the tax appraisal value of the property provided by the Tarrant County Appraisal District, is the "fair market value of the property" that represents the amount in controversy. Id. at 7, ¶ 25; see also id., App., Ex. C.

However, the court is not persuaded by the argument that this figure supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property. Defendants do not cite to, nor can the court discern, any such statement to support a finding that the property value is the amount in controversy. That is, defendants' attribution of these figures as damages is an act of their own doing--not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1] Defendants point to no allegation in the

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v.

(continued...)

petition to show by a preponderance of the evidence that the

value to plaintiffs of the orders they seek from the Court is the

amount of the property value.

Plainly, the sole goal of plaintiffs' action is to avoid or

delay a foreclosure sale and to retain possession of the

property. Nothing is alleged that would put a monetary value to

plaintiffs' accomplishment of those goals. While plaintiffs

appear to request equitable relief based on a claim that they are

entitled to hold legal title in the property, they do not assert

that such relief is based on a claim that they have outright

ownership of the property, free of any indebtedness. Indeed,

plaintiffs make statements to suggest that their ownership of the

property is encumbered by a debt, or more precisely, a security

lien.[2]  The value to plaintiffs of their rights in the litigation

---

[1](...continued)
Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).
    Accordingly, the court is not persuaded by defendants' citation to decisions that rely upon Waller for the proposition that the value of the property controls the amount in controversy here. Am. Notice of Removal at 6, ¶ 24 (citing to Griffin v. HSBC Bank USA, No. 3:10-CV-728-L, 2010 WL 4781297, at *6 (N.D. Tex. Nov. 24, 2010); Schultz-Lewis v. Homecomings Fin. Network, Inc., No. 3-05-1938-P (N.D. Tex. filed Jan. 23, 2006)). Nor does the court believe that defendants' reliance upon State Life Ins. Co. v. Wichita Cnty. Water Improv. Dist., 18 F. Supp. 834, 834 (N.D. Tex. 1936), is appropriate. That case, which involved an action to remove a tax lien, determined that the amount of the tax lien, and not the value of the property encumbered by the lien, controlled the amount in controversy. Id. at 836.

    [2] Plaintiffs alleged in their petition that their ownership of the property is subject to a security
(continued...)

is, at most, the value of their interest in the property, not the value of the property itself.[3]  Thus, defendants have not established the value of plaintiffs' interest in the property.

Finally, defendants seem to suggest that a request for attorney's fees may support a finding that the amount in controversy is met.  Am. Notice of Removal at 7, ¶ 26-27. Without an amount to serve as a basis for compensatory damages, however, the court cannot form any reliable estimate for the amount plaintiffs could recover for attorney's fees.

Thus, defendants have not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs.  Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendants to persuade the court that subject matter jurisdiction exists.

_____

(...continued)
lien placed by the deed of trust, and complain of "[t]he inability of Plaintiff to safely discharge any lien of the Trust Deed against the subject property in favor of the proper holder(s) of the Note and Trust Deed." Am. Notice of Removal, Ex. B-2 at 6, ¶ 30.

   [3]In their application for a temporary restraining order and temporary injunction, plaintiffs alleged that defendants are "not the proper party(ies) to proceed with the foreclosure and currently have no right to conduct a trustee sale of the property in question." See Am. Notice of Removal, Ex. B-3 at 4, ¶ 15. Like Ballew, plaintiffs are "not challenging the validity of the notes or deeds of trust"; rather, they "merely dispute[] that defendants are the ones having the right to enforce those documents." 2011 WL 880135 at *5.

8

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is

hereby, remanded to the state court from which it was removed.

SIGNED February 27, 2012.

_____
JOHN McBRYDE
United States District Judge